UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOLD HOME PRODUCTS, LLC, *et al.*,

    Plaintiffs,

v.

CARBONKLEAN, LLC, *et al.*,

    Defendants.

Civil Action 2:20-cv-4020
Chief Judge Algenon L. Marbley
Magistrate Judge Chelsey M. Vascura

## ORDER

This matter came before the Court for a telephonic conference on June 22, 2022. All parties were represented by counsel. This Order memorializes that conference.

The Court set the conference to discuss Defendants' Motion for Leave to Amend the Pleadings. (ECF No. 69.) Defendants seek to amend ¶ 196 of their Counterclaim, which currently reads:

> Bold Home and/or ECT copied and pasted Mr. Patton's signature on Exhibit B of Plaintiffs' Complaint, such that Bold Home misrepresented to Amazon.com that Bold Home was CarbonKlean's Brand Manager and Amazon.com Administrator under the Agreement.

to the following:

> Bold Home and/or ECT solicited Mr. Patton's signature on Exhibit B of Plaintiffs' Complaint and provided it to Amazon.com, such that Bold Home Products represented to Amazon.com that Bold Home Products, rather than ECT, was CarbonKlean's Brand Manager and Amazon.com Administrator under the Agreement.

(Defs.' Mot. 2, ECF No. 69.) During the conference, the parties agreed that the first part of the proposed new paragraph ("Bold Home and/or ECT solicited Mr. Patton's signature on Exhibit B

of Plaintiffs' Complaint and provided it to Amazon.com") accurately reflects the evidence, and the Court queried whether Plaintiffs would agree to an amendment to delete the existing ¶ 196 and insert only the first part of the proposed new ¶ 196. Plaintiffs objected on grounds that the motion to amend comes more than a year after the deadline for motions to amend the pleadings expired on December 31, 2020, and more than a month after discovery closed on March 31, 2021, and that Defendants have always had in their possession the information necessary to make this amendment. However, Plaintiffs were not able during the conference to identify any prejudice they would suffer from the amendment, given that the parties agree the proposed amendment conforms to the evidence and that Plaintiffs have already thoroughly explored Mr. Patton's signing of the document in question during discovery. Given the lack of prejudice to Plaintiffs, and Defendants' ability to amend the pleadings to conform to the evidence through the trial under Federal Rule of Civil Procedure 15(b), the Court **GRANTS IN PART and DENIES IN PART** Defendants' Motion for Leave to Amend the Pleadings. (ECF No. 69.) Specifically, Defendants may file an amended Counterclaim **WITHIN FOURTEEN DAYS** of the date of this Order that replaces the existing ¶ 196 with "Bold Home and/or ECT solicited Mr. Patton's signature on Exhibit B of Plaintiffs' Complaint and provided it to Amazon.com."

Additionally, Defendants made an oral motion during the conference to file the deposition transcripts of Brandon Smith and Madeline Beck under seal as part of their summary judgment briefing. For good cause shown, Defendants' oral motion to file the deposition transcripts of Brandon Smith and Madeline Beck under seal is **GRANTED**. If any party (or third party) wishes to maintain the seal permanently, the proponent of the seal must file a properly supported motion that demonstrates good cause for filing under seal within **FOURTEEN DAYS** of the transcripts' filing. Any memoranda in opposition must be filed within **SEVEN DAYS** of

the motion to maintain permanent seal, and any replies in support must be filed within **SEVEN DAYS** of the memoranda in opposition. The parties are cautioned that any forthcoming motions to permanently maintain the filings under seal should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). Counsel for the parties is **DIRECTED** to serve a copy of this Order on counsel for Madeline Beck and to confer with Ms. Beck and her counsel to determine which parts of her deposition transcript should remain under seal.

    **IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE