**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **BOLD HOME PRODUCTS, LLC, et al.** | **:** | **Case No. 2:20cv04020** |
| | **:** | |
| **Plaintiff,** | **:** | **Judge Algenon L. Marbley** |
| | **:** | |
| **v.** | **:** | **Magistrate Judge Chelsey M. Vascura** |
| | **:** | |
| **CARBONKLEAN, LLC, et al.** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

**<u>ORDER ENFORCING SETTLEMENT</u>**

This matter is before this Court on *Plaintiffs' Motion to Enforce Settlement* (ECF No. 130) ("Motion"). This Court previously retained jurisdiction over the *Mutual Settlement and Release Agreement* ("Settlement Agreement") (ECF No. 130-2) entered between Plaintiffs Bold Home Products, LLC and E-Commerce Trade, LLC (together, the "Plaintiffs") and Defendants CarbonKlean, LLC ("CarbonKlean") and Daniel J. Patton ("Patton" and "CarbonKlean" collectively, the "Defendants"; Plaintiffs and Defendants are collectively the "Parties"). (*See* ECF No. 128). This Court's ECF Filing System indicates that Defendants' record counsel, Mr. Theran J. Selph, Sr., was served with a copy of the Motion on February 24, 2026. Defendants did not, however, file a responsive memorandum to the Motion, and their time to respond has expired under S.D. Ohio Civ. R. 7.2(a)(2).

Upon review of the Motion, the legal arguments, and supporting evidence attached to the Motion, this Court makes the following findings:

This Court finds a true and correct copy of the Settlement Agreement was attached to the Motion as Exhibit 1-A (ECF No. 130-2), and it is a valid and enforceable contract which this Court has jurisdiction to enforce as set out in this Court's Dismissal Order (ECF No. 128). *Limbright v.*

*Hofmeister*, 566 F.3d 672, 674–75 (6th Cir. 2009); *Fisher v. City of Columbus*, 2025 WL 2932785, at *3 (S.D. Ohio Sept. 18, 2025) ("[A] district court retains jurisdiction to enforce a settlement agreement if it either (1) has language in the dismissal order indicating its retention of jurisdiction, or (2) incorporates the terms of the settlement agreement into the dismissal order." ) (internal quotation marks and citation omitted).

In this regard, this Court finds the Parties entered into the Settlement Agreement and made mutual promises whereby the lawsuit would be dismissed. Specifically, Defendants agreed, among other things, to make payments to Plaintiffs in the amount of $1,700,000 to be paid over a series of six (6) payments. These obligations are detailed in Section 2 of the Settlement Agreement (the "Settlement Payments"). In exchange, the Parties would dismiss their remaining claims and terminate the lawsuit. Defendants made the first three (3) payments to Plaintiffs timely. In anticipation of the fourth payment to be made by January 15, 2026, Plaintiffs sent a courtesy reminder to Defendants of their obligations, which Defendants acknowledged. Defendants did not make the fourth payment under the Settlement Agreements

This Court finds that Defendants have failed to comply with the terms of the Settlement Agreement by failing to make the required Settlement Payments under Section 2. Specifically, based on the uncontested evidence, this Court finds Defendants failed to remit payment in the amount of Three Hundred Twenty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($323,333.33) by January 15, 2026. This Court further finds Plaintiffs provided Defendants notice and an opportunity to cure on January 16, 2026, from Plaintiffs, as required under Section 10 of the Settlement Agreement. This Court finds Defendants failed to cure their breach of the Settlement Agreement within ten (10) business days. Consequently, this Court finds

Defendants have been in material breach of Section 2 of the Settlement Agreement since February 3, 2026. This Court finds Plaintiffs have fully performed under the Settlement Agreement.

This Court further finds that, under the Settlement Agreement's terms, which Defendants acknowledged, agreed to, and signed, Defendants' material breach and failure to cure has accelerated the remainder of the Settlement Payments to be immediately due and payable. The three remaining Settlement Payments include: (1) Three Hundred Twenty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($323,333.33) which was due January 15, 2026, and remains unpaid; (2) Three Hundred Twenty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($323,333.33) which would have been due January 15, 2027 and is now accelerated and immediately due and payable to Plaintiffs; and (3) Three Hundred Twenty-Three Thousand Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($323,333.33) which would have been due January 15, 2028, and is now accelerated and immediately due and payable to Plaintiffs. In total, because of Defendants' material breach of the Settlement Agreement, this Court finds Plaintiffs are entitled to judgment against Defendants in the amount of Nine Hundred Seventy Thousand and 00/100 ($970,000.00).

This Court also finds that Patton has personally guaranteed the sums owed to Plaintiffs under the Settlement Agreement, which Plaintiffs may recover from him following reasonable efforts to collect from CarbonKlean. Finally, this Court finds, because of Defendants' material breach, Plaintiffs are entitled to recover their reasonable attorney fees and costs incurred in having to enforce the Settlement Agreement.

Accordingly, based on this Court's findings above, this Court hereby enters judgment as follows:

**IT IS ORDERED, ADJUDGED,** and **DECREED** that this Court **GRANTS** Plaintiffs' Motion.

**IT IS FURTHER ORDERED** that judgment is entered in favor of Plaintiffs Bold Home Products, LLC and E-Commerce Trade, LLC and against Defendants CarbonKlean, LLC and Daniel J Patton in the amount of **Nine Hundred Seventy Thousand and 00/100 ($970,000)**.

**IT IS FURTHER ORDERED** that Plaintiffs Bold Home Products, LLC and E-Commerce Trade, LLC are entitled to recover on the above judgment at the contractual interest rate of 10 percent (10%) per annuum, which has been accruing since February 3, 2026, and will continue to accrue until the judgment is paid in full.

**IT IS FURTHER ORDERED** that Plaintiffs Bold Home Products, LLC and E-Commerce Trade, LLC may recover the judgment against Defendant Daniel J. Patton following reasonable efforts to collect against Defendant CarbonKlean, LLC.

**IT IS FURTHER ORDERED** that Plaintiffs Bold Home Products, LLC and E-Commerce Trade, LLC, are entitled to recover their reasonable attorney fees and costs incurred as a result of seeking to enforce the *Settlement Agreement* with this Court. Plaintiffs shall submit a motion seeking recovery of their reasonable attorney fees and costs as required under Federal Rule of Civil Procedure 54(d).

**IT IS FURTHER ORDERED** that this Court will continue to retain jurisdiction to enforce the Mutual Settlement and Release Agreement (ECF No. 130-2) between Plaintiffs Bold Home Products, LLC and E-Commerce Trade, LLC and Defendants CarbonKlean, LLC and Daniel J. Patton.

**IT IS FURTHER ORDERED** that, pursuant to Federal Rule of Civil Procedure 54, that this Judgment Entry Enforcing Settlement represents a final appealable order and the same is

4

entered, there being no reason for delay.  Costs to Defendants CarbonKlean, LLC and Daniel J. Patton.

      **IT IS SO ORDERED.**

                          _____

                          **ALGENON L. MARBLEY**
                          **UNITED STATES DISTRICT JUDGE**

**DATED: April 7, 2026**