**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BOLD HOME PRODUCTS, LLC *et al.*,** | : | |
| | : | |
| **Plaintiffs,** | : | **Case No. 2:20-cv-04020** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **CARBONKLEAN, LLC, *et al.*,** | : | **Magistrate Judge Chelsey M. Vascura** |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion for Recovery of Attorney's Fees and Costs. (ECF No. 133). Defendants have not opposed Plaintiffs' Motion, and the time for doing so has now passed. Plaintiffs' Motion is now ripe for review. For the reasons below, Plaintiffs' Motion is **GRANTED**.

## I. BACKGROUND

Plaintiffs filed this case against Defendants CarbonKlean, LLC and Daniel J. Patton in August 2020. Following the Court-supervised settlement conference on April 25, 2023, the Parties entered into a settlement agreement, but Defendants have not followed through on their contractual promises. (ECF No. 130). The settlement agreement included a provision that should either side need to enforce the agreement, the prevailing party was entitled to their costs and fees. (ECF No. 133 at 3).

When Defendants missed their installment payment as agreed upon in the settlement agreement, Plaintiffs provided notice and opportunity to cure. (*Id.* at 6). Defendants, however, did not cure their breach. (*Id.*). Plaintiffs later learned that Defendants were in financial trouble, and that Patton intended to file for bankruptcy should Plaintiffs attempt to enforce the settlement

agreement. (*Id.*). After consulting with counsel, Plaintiffs ultimately decided to enforce the settlement agreement. (*Id.*). On February 24, 2026, Plaintiffs filed a Motion to Enforce Settlement. (ECF No. 130). The Defendants did not oppose. On April 7, 2026, this Court entered its Order Enforcing Settlement (ECF No. 131) and found in favor of Plaintiffs. Plaintiffs, therefore, are the prevailing party and Defendants are the non-prevailing party.

On May 14, 2026, Plaintiffs filed the instant motion to recover attorney fees and costs on Defendants breach of the settlement agreement. (ECF No. 133).

**II. LAW & ANALYSIS**

Plaintiffs move for an award of $17,414.98 in fees and expenses. (ECF No. 133 at 3). Ohio law acknowledges that attorney fees are recoverable as compensatory damages after breach of a settlement agreement. *Erickson v. Walsh Constr. Grp., LLC*, 2026 WL 1101968, at *1 (S.D. Ohio Apr. 23, 2026). Defendants breached its settlement agreement with Plaintiffs, thereby making attorney fees recoverable for Plaintiffs. Plaintiff is a prevailing party entitled to recover its reasonable fees and costs. When determining an award of reasonable attorney's fees, the Lodestar method is used. *Imwalle v. Reliance Med. Prods., Inc.,* 515 F.3d 531, 551 (6th Cir. 2008).

To calculate the reasonable hourly rate, the Court focuses "generally [on] the prevailing market rate in the relevant community" based on "the rate that lawyers of comparable skill and experience can reasonably expect to command in the venue of the court of record." *Jackson v. Reliance Constr. Servs., LLC*, 2023 WL 4933269, at *4 (S.D. Ohio Aug. 2, 2023). The prevailing market rate is often calculated as "a firm's normal billing rate because, in most cases, billing rates reflect market rates, and they provide an efficient and fair short cut for determining the market rate." *State ex rel. Platt v. Montgomery Cnty. Bd. Of Elections*, 181 Ohio St.3d 87, 89 (2026) (quoting *Phoenix Lighting Group, L.L.C. v. Genlyte Thomas Group, L.L.C.*, 160 Ohio St.3d 32

(2020). The rates of Plaintiffs' attorneys were reasonable. Both the rates from SS+D and Legal Powers PLLC were those firms' normal billing rates and reflect market rates in Dayton, Ohio and Franklin, Tennessee, where each firm's respective main offices are located. (ECF No. 133-1 at 3; ECF No. 133-3 at 2).

As to the number of hours, "the standard is whether a reasonable attorney would have believed the work to be reasonably expended in pursuit of success at the point in time when the work was performed." *Jackson*, 2023 WL 4933269, at *4. Here, the work conducted for Plaintiffs was reasonable under the circumstances. Among other tasks, this work included "providing the required cure notice to Defendants following their missed payment;…considering concerns over Defendants' financial representations; strategizing on how to proceed; and preparing the Motion to Enforce Settlement. (ECF No. 130). Plaintiffs seek to recover fees from 43.75 hours of work from SS+D law firm and 10.40 hours of work from Legal Powers PLLC for a total of 54.15 hours. The Court has reviewed SS+D and Legal Powers' billing records (ECF No. 133-1; 133-4) and finds the billing records to be appropriate. It also finds that 54.15 hours was a fair and reasonable amount of time for Plaintiffs' counsels to expend in representing Plaintiff in this matter.

In terms of costs and expenses incurred, $307.48, which Plaintiff requests, is reasonable when considering the facts and circumstances. These costs include two overnight transmission of the cure notice, document reproduction, and online database research. (ECF No. 133 at 7). Plaintiffs had to send the cure notice twice because Defendants failed to inform Plaintiffs that CarbonKlean's business stopped operating, which was the location identified for notice purposes in the settlement agreement. (*Id.*) Furthermore, when Plaintiffs learned that Defendants were allegedly having financial difficulties, Plaintiffs requested and obtained documents discussing

these conditions. (*Id.* at 6). Therefore, the Court finds that the costs incurred by Plaintiffs were fair and reasonable given the facts of the situation.

## III.CONCLUSION

For the reasons stated above, Plaintiffs Motion for Recovery of Attorney's Fees and Costs (ECF No. 133) is **GRANTED**. Defendants shall pay Plaintiffs attorney's fees and costs in the amount of **$17,414.98**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: October 19, 2026**